IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No. 1:22-cr-00883 KWR

LEONARD LEWIS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court upon Defendant's motions for compassionate release **(Docs. 39, 44)**. Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Having reviewed the record and applicable law, the Court will deny the motions without prejudice.

## BACKGROUND

Defendant pled guilty to a violation of 18 U.S.C. § 1153, 2243(a) and 2246(2)(A), to sexual abuse of a minor. Defendant was sentenced in this case on January 23, 2023, to a below-guidelines range sentence of 30 months' imprisonment, followed by a term of supervised release. Doc. 34. This below guidelines range sentence was suggested by the parties as part of a Rule 11(c)(1)(C) plea agreement.

Defendant is housed at Federal Medical Center Fort Worth, with an approximate release date of November 13, 2024. *See https://www.bop.gov/inmateloc/* (last accessed September 15, 2023.

Defendant filed his first motion on June 13, 2023. The Government filed its response to the Motion on July 27, 2023. As of the entry of this order, Defendant has not filed a reply. *See, e.g.,* D.N.M.LR-Cr. 47.8. The Court assumes his first motion is fully briefed and ready for

decision. On September 15, 2023, Defendant filed a second substantially similar motion for compassionate release. Because the second motion has the same deficiencies the Court identified in the first motion, the Court declines to order the Government to respond.

## DISCUSSION

Defendant filed his motions pursuant to § 3582(c)(1)(A) requesting that he be immediately released due to his medical issues, which he asserts includes a history of heart attacks, strokes, high cholesterol, diabetes, and congestive heart failure.

Generally, "a federal court may not modify a term of imprisonment once imposed." *United States v. Wilson*, 493 F. App'x 919, 921 (10th Cir. 2012) (citing *Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010)). However, Congress has provided a limited exception to this rule and allowed for certain "compassionate release" sentence modifications under § 3582(c)(1)(A).

The Court may reduce a sentence under this provision if Defendant administratively exhausts his request and three other requirements are met: (1) the court finds that extraordinary and compelling reasons warrant such a reduction; (2) the court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the court considers the factors set forth in § 3553(a), to the extent that they are applicable. *United States v. McGee*, 992 F.3d 1035 (10th Cir. 2021). Because there are currently no applicable policy statements for defendant-filed compassionate-release motions like Defendant's, only the first and third requirements are relevant here. *McGee*, 992 F.3d at 1050.[1]

---

1 Although the sentencing commission has proposed policy statements and given guidance on extraordinary and compelling circumstances, it appears that they will not take effect until November 1, 2023.

"[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others. But when a district court grants a motion for compassionate release, it must of course address all three steps." *Id.* at 1043.

The Court declines to reduce Defendant's sentence for the following three alternate reasons.

I.      **Defendant failed to show administrative exhaustion.**

The Government argues that Defendant failed to show he administratively exhausted his claim. The Court agrees. Defendant may file a compassionate release motion with a district court after he has fully exhausted all of his administrative rights to appeal the BOP's failure to bring a motion for compassionate release on his behalf, or after the lapse of 30 days from the receipt of his compassionate release by the warden of FMC Fort Worth. 18 U.S.C. § 3582(c)(1)(A).

Initially, the Court notes that Defendant has not addressed whether he has administratively exhausted his claims. As Defendant bears the burden to prove exhaustion, his motions fail on this basis alone. *See United States v. Hemmelgarn*, 15 F.4th 1027, 1029 (10th Cir. 2021).

Defendant did not expressly assert that he exhausted his administrative remedies, but he attaches an email he sent to "Exec Assist/Admin Remedy Coordinator" in which he requests "immediate compassionate release." Doc. 39 at 8. The Government represents that the document presented by Defendant was not properly submitted. It appears that Defendant did not follow BOP procedures. FMC Fort Worth does not accept compassionate release applications via e-mail. Doc. 42, Ex. 2 at 1. The document provided by Defendant stated that the e-mail was sent to "Exec Assist/Admin Remedy Coordinator", which the Government represents is not the proper recipient

3

and Defendant's e-mail does not comply with BOP procedures. *Id.* at 2.  The Government asserts it has no record of any compassionate release request.  Doc. 42, Ex. 2 at 2. *See United States v. Benitez-Lopez*, No. 18-CR-00328-PAB-6, 2023 WL 4847591, at *2 (D. Colo. July 28, 2023) (failure to exhaust administrative remedies where government represented it did not receive his request), *citing United States v. Ramirez*, No. 14-cr-00249-PAB, 2022 WL 1092180, at *3 (D. Colo. Apr. 12, 2022) (holding that defendant failed to exhaust administrative remedies because the government represented that the prison had no record of defendant's compassionate release request and defendant provided no proof of his request or the denial).

Therefore, the Court concludes that Defendant has not shown he administratively exhausted his claim. The Court will deny his motions without prejudice.  *See Ramirez*, 2022 WL 1092180, at *3 (noting that dismissal without prejudice is proper when a defendant fails to comply with § 3582(c)(1)(A)'s exhaustion requirement)*; United States v. Purify,* 2021 WL 5758294, at *4 n.3 (10th Cir. Dec. 3, 2021) (unpublished) ("dismissals for failure to exhaust are ordinarily without prejudice.").

## II.     **Defendant has not shown that extraordinary and compelling circumstances warrant a sentence reduction.**

Alternatively, Defendant's motions should be denied because he has not shown extraordinary and compelling circumstances warranting a sentence reduction.

District courts have discretion to determine what constitutes extraordinary and compelling circumstances warranting a sentence reduction.  *United States v. McGee*, 992 F.3d 1035, 1045 (10th Cir. 2021). In considering what constitutes extraordinary and compelling circumstances, the Court should consider the policy statements provided by the Sentencing Commission.  *Id.*

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for a sentence reduction, including … a list of specific examples." 28 U.S.C. § 994(t). As noted above, the Sentencing Commission's policy statements do not take effect until November 1, 2023. Therefore, the Court has discretion to consider whether the circumstances in this case are an extraordinary and compelling reason for a sentence reduction. *United States v. Wesley*, 60 F.4th 1277, 1283 (10th Cir. 2023).

Here, the Court concludes, in its discretion, that Defendant has not demonstrated extraordinary and compelling circumstances warranting a sentence reduction or immediate release.

Initially, the Court concludes that Defendant has not demonstrated that Federal Medical Center Fort Worth is unable or unwilling to properly care for him. Defendant states that he suffered a heart attack (or stroke) because he was given improper dosage for his medication. But he admits that this occurred in July or October 2022 while he was at a halfway house in Albuquerque, well before he was sentenced and transferred to FMC Fort Worth. *See* Doc. 39 at 8 (second heart attack in October 2022 at a halfway house in Albuquerque); *see also* Government's Exhibit 3 at 28 (cerebral infarction, July 2022). Upon reviewing the record, Defendant has not demonstrated that FMC Fort Worth is unable or unwilling to give him proper medical care. Even assuming this incorrect dosage occurred at FMC Fort Worth, Defendant has not demonstrated that FMC Fort Worth is incapable of providing adequate care. Defendant has not demonstrated that these conditions are likely to be terminal during his sentence, or cannot be effectively managed at the federal medical center.

Defendant also appears to assert that his age and medical issues, including history of strokes, heart attacks, high cholesterol, diabetes, and congestive heart failure, warrant immediate

5

release. The Court concludes these medical conditions do not constitute extraordinary and compelling circumstances warranting immediate release. As the Government notes, it appears that Defendant has been examined for these conditions and has received treatment. *See* Doc. 42 at 8, *citing* Ex. 3 at 48-50 (response to complaint of chest pain), *id.* at 92-96 (receiving medication two days after arriving at FMC Fort Worth).

In his second motion for compassionate release, Defendant also argues that COVID-19 poses a risk to him, because he has two risk factors identified by the CDC. Doc. 44 at 2-3. But he has not shown that (1) his federal medical center has a substantial outbreak, (2) he is unable to receive a vaccine, or (3) a vaccine would not decrease the risk posed by COVID-19. Therefore, the Court finds that Defendant has not shown that COVID-19 poses an extraordinary and compelling circumstance in this case to immediately release him.

### III.     Applicable sentencing factors under § 3553(a) do not favor release.

Alternatively, even if Defendant showed administrative exhaustion and extraordinary and compelling circumstances for a sentencing reduction, the applicable § 3553(a) factors do not favor reducing his term of imprisonment to time served. § 3582(c)(1)(A) (the court "may reduce the term of imprisonment… after considering the factors set forth in section 3553(a) to the extent they are applicable…").

Defendant appears to assert that he does not pose a danger to any other person or the community if released given his age and medical conditions, and his history and characteristics warrant release. Doc. 39 at 4. He argues generally that terms of supervised release could ensure he poses no danger to the community. Doc. 44 at 3. He also asserts he has had no disciplinary proceedings while at the BOP. Doc. 44 at 4. The Court has reviewed the entire record in this case,

including the briefing, the PSR, and his medical records. After considering and balancing all applicable § 3553(a) factors, the Court concludes that a sentence reduction is not warranted.

As noted by the Government, Defendant has been convicted of sexual abuse of a minor, a serious violent offense. He committed this offense when he was 64 years old, after he already had his first heart attack. Pursuant to a plea agreement, Defendant was sentenced to 30 months' imprisonment, when the PSR asserted his guideline range was 63-78 months. Doc. 28 at ¶ 54.[2]

The Court has considered all applicable § 3553(a) sentencing factors. The Court concludes that reducing his sentence would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense. Reducing his sentence would not further the need for deterrence. § 3553(a)(2)(A)-(D). Moreover, the Court finds that Defendant should serve the remainder of his sentence to protect the public from further crimes of the defendant. *Id.* Defendant appears to rely primarily on his characteristics and history as warranting a sentencing reduction. The Court finds that his history, age, medical conditions, and other characteristics do not outweigh the other sentencing factors or warrant a sentencing reduction.

Therefore, the Court concludes that the applicable § 3553(a) factors do not weigh in favor of his requested sentencing reduction.

## CONCLUSION

Because Defendant failed to show he administratively exhausted his claims, the Court will the deny the Motions (Docs 39, 44) without prejudice. Alternatively, the Court would also deny his Motions because (1) he failed to show extraordinary and compelling circumstances for a sentencing reduction and (2) the § 3553(a) factors do not weigh in favor of his requested

---

2 Objections to the PSR were not filed. *See* Doc. 33.

sentencing reduction.

Defendant's second motion has the same deficiencies the Court identified in its analysis of the first motion. The second motion is also denied without prejudice.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release **(Doc. 39)** is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendant's Second Motion for Compassionate Release (**Doc. 44**) is **DENIED** without prejudice.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE